# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANSJOERG DARIZ,<br>                 *Plaintiff,*<br>    v.<br>REPUBLIC AIRLINE INC and REPUBLIC AIRWAYS HOLDINGS INC.,<br>                 *Defendants.* | CIVIL ACTION NO. 18-4883 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                            **May 1, 2019**

Plaintiff Hansjoerg Dariz filed suit against Defendants Republic Airline Inc. and Republic Airways Holdings Inc. (collectively, "Republic"), asserting claims of age discrimination in violation of the Age Discrimination in Employment Act[1] ("ADEA") and intentional infliction of emotional distress ("IIED") following the termination of his employment. Republic has filed a motion to transfer venue from this Court to the Southern District of Indiana pursuant to 28 U.S.C. §1404(a). Upon consideration of Republic's motion to transfer venue, and the responses thereto, Republic's motion will be denied for the following reasons.

### I.    BACKGROUND[2]

Plaintiff is an individual over the age of 40 who resides in Mount Laurel, New Jersey. After many years working in the hotel and restaurant business, Plaintiff decided to pursue his dreams of becoming a professional pilot and eventually was employed as a First Officer for an

---

[1] 29 U.S.C. §§ 621, *et seq.*

[2] The following facts, unless otherwise noted, are taken from Plaintiff's Complaint and assumed to be true for purposes of the motion.

airline company located in Houston, Texas.  As his commute to Houston proved to be inconvenient, he began to search for a different airline company with a crewmember base closer to his New Jersey residence.

A colleague of Plaintiff's had recommended that he apply to Republic, a large Indiana-based regional airline company with an operational office at the Philadelphia International Airport, out of which Republic operates hundreds of flights.  After Plaintiff applied to become a First Officer for Republic, Republic flew Plaintiff roundtrip from Philadelphia to Indianapolis for an interview, during which he was told that he would be working at its Philadelphia base if hired and after completing its indoctrination training program.  Plaintiff then resigned from his Houston-based job in anticipation of working at Republic's Philadelphia base, and soon thereafter was hired by Republic as a First Officer Trainee.

Republic arranged for Plaintiff to fly to Indiana for training at Republic's headquarters. Within two weeks of training, Plaintiff was told to gather his belongings during the middle of class and in front of his colleagues and was sent to an office, where a human resources representative informed him of his termination of employment.  According to Plaintiff, his termination has caused him financial, psychological, and emotional damage.

Plaintiff filed this action in the Philadelphia Court of Common Pleas based on Republic's operations in Philadelphia, and the case was removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446.  Republic now moves to transfer venue from this Court to the Southern District of Indiana under 28 U.S.C. § 1404(a).

**II.**	**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer the venue of any civil action for the convenience of parties and witnesses or in the interests of justice, to any other district

where it might have been brought.[3] The burden rests with the moving party to prove that transfer is appropriate.[4] As a threshold matter, the court must first assess whether the action could have been brought in the proposed transferee district.[5] Only then can the court consider whether the moving party has demonstrated that the action would be more convenient and would better serve the interests of justice by a transfer to the proposed district.[6]

In balancing the convenience of parties and witnesses and the interests of justice listed in § 1404(a), the Third Circuit has identified a number of private and public interest factors to consider in the transfer analysis. Private interests include: "plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."[7] Public interests include: the "enforceability of any judgment; practical considerations that could make the trial easy, expeditious or inexpensive; relative administrative difficulty resulting from court

---

[3] U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (stating that the purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense" (internal quotation marks and citations omitted)).

[4] *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

[5] *See SKF USA Inc. v. Okkerse*, 992 F. Supp. 2d 432 (E.D. Pa. 2014) (citing *Shutte*, 431 F.2d at 24) ("An action may be transferred to another district if (1) venue is proper in the transferee district, and (2) the transferee district can exercise personal jurisdiction over the defendants.").

[6] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

[7] *Id.* (internal citations omitted).

3

congestion; local interest in deciding the controversy; relative importance of public policies; and, familiarity of the trial judge with the applicable state law in diversity cases."[8]

Because the analysis in deciding a motion for transfer of venue is "flexible and individualized," the district court is vested with broad discretion.[9] A transfer, however, should not be granted liberally.[10] For instance, transferring a case which in effect shifts the inconvenience from the defendant to the plaintiff will not be warranted.[11] Unless the moving party can demonstrate that the relevant factors weigh strongly in its favor, the plaintiff's choice of forum will likely prevail.[12]

### III. DISCUSSION

The parties do not dispute that this case could have been brought in the Southern District of Indiana, as Republic maintains its headquarters in Indianapolis.[13] Thus, the question is

---

[8] *Connors v. R & S Parts & Servs., Inc.*, 248 F. Supp. 2d 394, 395 (E.D. Pa. 2003) (citing *Jumara*, 55 F.3d at 879; *Williams v. Weis Markets, Inc.*, No. 01-4474, 2002 WL 80309, at *1 (E.D. Pa. Jan. 18, 2002)). "[P]ublic interests to be balanced are not necessarily tied to the parties, but instead derive from 'the interest of justice.'" *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) (quoting 28 U.S.C. §1404(a)).

[9] *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988).

[10] *Shutte*, 431 F.2d at 25 (internal citation omitted).

[11] *See, e.g.*, *Plum Tree, Inc.*, 488 F.2d at 757 n.3 ("Although it would undoubtedly be inconvenient for defendants to have their business in Houston and travel to the Eastern District of Pennsylvania, there is nothing in the transfer motion to indicate that defendants would suffer a greater inconvenience than would plaintiff if the case is transferred to the Southern District of Texas."); *Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 622 (E.D. Pa. 2018) (collecting cases).

[12] *Shutte*, 431 F.2d at 25 ("It is black letter law that a plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request and that choice [] should not be lightly disturbed." (internal quotation marks and citations omitted)).

[13] Compl. ¶3. As the ADEA has no special venue provision, claims under the statute are governed by the general venue provision of 28 U.S.C. § 1391, which provides in relevant part that a plaintiff can bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1).

whether Republic has met its burden of establishing that private and public interest factors favor transferring venue to the Southern District of Indiana.[14]

### A. Private Interest Considerations

Republic has failed to prove that private interest considerations favor transferring this case to the Southern District of Indiana. Plaintiff's forum of choice, the stark disparity as to the financial and physical resources available to parties, and the overall neutrality regarding the convenience of witnesses and evidence, suggest that a transfer would merely shift the inconvenience of litigation from Republic to Plaintiff.

Although Plaintiff's forum of choice is accorded less deference because he resides not in the Eastern District of Pennsylvania but the neighboring District of New Jersey,[15] and the central facts of his lawsuit occurred in the Southern District of Indiana,[16] Plaintiff's preference to bring his action to this Court is nonetheless entitled to significant weight. Certainly, this District is convenient for Plaintiff as it is located only 18 miles from his home, and as Republic has significant operations here, it was logical to file suit in Philadelphia.[17] Furthermore, had Plaintiff

---

[14] *See Unlimited Tech., Inc. v. Leighton*, 266 F. Supp. 3d 787, 796 (E.D. Pa. 2017) (citing *Shutte*, 431 F.2d at 24–25) ("[A] motion seeking transfer should not be granted without a careful weighing of factors favoring and disfavoring transfer.").

[15] Compl. ¶ 2; *see Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001) (citation omitted) ("[W]here Plaintiff chooses a forum other than her state of residence, her choice is given less weight.").

[16] *See Logopaint A/S v. 3D Sports Signs SI*, 163 F. Supp. 3d 260, 266 (E.D. Pa. 2016) (internal quotation marks and citation omitted) ("[W]hen the central facts of a lawsuit occur outside the forum state, Plaintiff's choice of venue is accorded less deference."). Plaintiff's interview, training, and termination all occurred at Republic's headquarters in Indiana. Compl. ¶¶ 8-9, 25.

[17] Br. in Supp. Pl.'s Resp. to Def.'s Mot. to Transfer Venue [Doc. No. 5-1] at 2; *see also Pro Spice, Inc. v. Omni Trade Grp., Inc.*, 173 F. Supp. 2d 336, 341 (E.D. Pa. 2001) (holding that although the plaintiff was a New Jersey corporation, the fact that it chose to file suit in the Eastern District of Pennsylvania was in part because of its geographical convenience, and therefore the choice of venue was entitled to significant weight).

not been terminated before completing the training program in Indiana, Plaintiff asserts he would have been based in Philadelphia.[18]

In addition, Republic not only concedes that the relative financial condition and physical resources of the parties favors Plaintiff,[19] but it also has failed to establish that either the convenience of witnesses, to the extent that they may be unavailable for trial, or the location of evidence, weighs in favor of transfer. Although Republic contends that there are several employees in Indiana who may act as witnesses in this case, this argument is entitled to less weight when the defendant is a transportation company and has little difficulty in bringing witnesses to the forum,[20] and particularly where the company is already "obligated to procure the attendance of its own employees for trial."[21] To the extent that some witnesses are former employees, Republic has not provided evidence that they would actually be unavailable for trial if the case were to remain in the Eastern District of Pennsylvania., and thus although this factor may weigh in favor of transfer, it does so only slightly.[22] Thus, Republic has not demonstrated that overall, the private interest factors weigh in favor of transferring this case to the Southern District of Indiana.

---

[18] Compl. ¶¶ 6, 7, 25. Although Republic's preference is also a private factor to consider, this factor "in reality does little more than frame the issue, because there would be no motion to transfer *unless* the defendant prefers a different forum." *Edwards*, 313 F. Supp. 3d at 622.

[19] Br. in Supp. of Def.'s Mot. to Transfer Venue [Doc. No. 3-1] at 6.

[20] *Harris v. Nat'l R.R. Passenger Corp.*, 979 F. Supp. 1052, 1054 (E.D. Pa. 1997); *Kielczynski v. Consol Rail. Corp.*, 837 F. Supp. 687, 689 (E.D. Pa. 1993).

[21] *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 199 (E.D. Pa. 2008) (citation omitted).

[22] Republic does argue that these former employees "stand beyond the subpoena power of this court for attendance at a trial in [the Eastern District of Pennsylvania." Br. in Supp. of Def.'s Mot. to Transfer Venue [Doc. No. 3-1] at 6. Indeed, district courts in this Circuit have held that the convenience of witnesses weighs in a moving party's favor where the party establishes that witnesses reside outside of the current forum's subpoena power *and* where there is reason to believe that those witnesses will refuse to testify without a subpoena. *Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp 2d 463, 473 (D. Del. 2013) (collecting cases). However, "simply stating that a witness would be unavailable because he or she is outside the subpoena power of a court is, without more, insufficient." *Id.*

As a final matter regarding private interest considerations, Republic concedes that "the evidence in this case can be produced in either fora." Def.'s Br. in Supp. of Mot. to Transfer Venue [Doc. No. 3-1] at 6.

### B. Public Interest Considerations

The public interest factors also do not favor transfer. "[F]actors such as the enforceability of the judgment, public policies, and the familiarity of the trial judge with the applicable law are neutral [when] the causes of action at issue arise under federal law."[23] As Plaintiff's primary contention is based on age discrimination, which arises from the ADEA, these public factors carry no weight for that claim. Nor has Republic shown that litigating a state-law claim of IIED within this District would affect the enforceability of the judgment,[24] or that it prevents a novel issue of state law, as the elements for proving such a claim are identical in Pennsylvania and Indiana.[25]

The only public factor that slightly favors transferring is the Southern District of Indiana's local interest in adjudicating this action since the central facts of the case occurred there and several witnesses are located there. However, this factor carries less weight because this case is primarily concerned with a federal ADEA claim brought against a national company with offices in both Indiana and Pennsylvania, and Plaintiff was only in Indiana for a brief time; his employment allegedly would have ultimately been based in Philadelphia, not in Indiana.[26]

---

[23] *Scanlan v. Am. Airlines Grp., Inc.*, ---F. Supp. 3d---, No. 18-4040, 2019 WL 1455472, at *4 (E.D. Pa. Apr. 2, 2019) (quoting *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, 524 F. Supp. 2d 628, 633 (W.D. Pa. 2006)).

[24] Republic concedes that "the judgment enforcement factor does not favor either party." Def.'s Br. in Supp. of Mot. to Transfer Venue [Doc. No. 3-1] at 6.

[25] *Compare Williams v. Tharp*, 914 N.E. 2d 756, 769 n.4 (Ind. 2009) (quoting Restatement (Second) of Torts § 46 (1965)) (recognizing a claim of IIED, which occurs when "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another"), *with Bartanus v. Lis*, 480 A.2d 1178, 1184 (Pa. 1984) (quoting Restatement (Second) of Torts § 46 (1965)) (recognizing a claim of IIED, which occurs when "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another").

[26] Other courts in this District have transferred cases based on employment discrimination claims that occurred outside the state, in part because there was a local community interest in the controversy which occurred in the proposed transferee district. *Lamusta v. Lawson Mardon Wheaton, Inc.*, No. 99-3931, 2000 WL 274013, at *3 (E.D. Pa. Mar. 13, 2000) ("Resolution of the employment discrimination . . . claim[] particularly would be most meaningful and salutary in the community in which these unlawful acts were allegedly perpetrated, in which the alleged perpetrator maintains a workforce and in which the alleged victim was employed and resides."). In this case, however, Plaintiff was only in Indiana for training and expected to be based in Philadelphia.

Finally, the relative congestion of the courts and practical considerations do not favor transfer. Although Republic argues that Federal Judicial Caseload Statistics show that the Southern District of Indiana has far fewer new case filings than the Eastern District of Pennsylvania,[27] the most recent statistics also show, more significantly, that as of June 30, 2018, the Southern District of Indiana had more pending cases per judge and a longer median time from filing to disposition or to trial for a civil case.[28] Accordingly, the relative congestion of the courts and the practical considerations of expediency appear to favor heavily *against* transfer, and the public interest considerations overall are therefore only neutral, at best. Thus, Republic has failed to meet its burden of establishing that the public factors favor Transfer.

## IV.   CONCLUSION

For the foregoing reasons, Republic's motion to transfer venue to the Southern District of Indiana will be denied. An appropriate order follows.

---

[27] Def.'s Br. in Supp. Of Mot. to Transfer Venue [Doc. No. 3-1] at 7.

[28] U.S. District Courts, Combined Civil and Criminal Federal Court Management Statistics, National Judicial Caseload Profile (June 30, 2018), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2018.pdf (last visited May 1, 2019).